UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRACY SONOGA,

      Plaintiff,

v.                                          Case No.  8:23-cv-2257-KKM-SPF

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Defendant Commissioner of Social Security's Opposed Motion to Dismiss, or in the Alternative for Summary Judgment (Doc. 16), Plaintiff's Response (Doc. 17), and the Commissioner's Reply (Doc. 19).  The undersigned recommends the Commissioner's motion be denied.

**I.  Background**

In March 2011, the Commissioner granted Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI"), finding her disabled as of July 22, 2010 (Doc. 16-1 at 7).  Because the agency must periodically review a claimant's continued entitlement to disability benefits (*see* 20 C.F.R. §§ 404.1594(a), 416.994(a)), an administrative law judge ("ALJ") re-evaluated Plaintiff's application eight years later and determined she had medically improved as of January 1, 2018, and was no longer disabled (the "Cessation Decision") (Doc. 16-1 at 7-16).  Plaintiff's benefits ceased.

Plaintiff appealed the Cessation Decision to federal court, where a district judge granted the Commissioner's unopposed motion to remand the case to the agency "to obtain the prior medical evidence that underlined the comparison point decision[.]" (*Sonoga v. Comm'r of Soc. Sec.*, No. 8:21-cv-549-AEP (M.D. Fla.), Doc. 19).  The Appeals Council, in turn, remanded Plaintiff's case to the same ALJ with instructions to obtain Plaintiff's prior claim file and compare it to her current medical evidence (Doc. 16-1 at 34-36).  The ALJ did so and convened a second administrative hearing.  Afterwards, in a July 20, 2023 written decision, the ALJ again determined Plaintiff had medically improved as of January 1, 2018 (the "Cessation Date") and was not entitled to benefits (*Id*. at 42-56).

On July 20, 2023, the ALJ sent Plaintiff a copy of his written decision and a notice that read: "If you disagree with my decision, you may file an appeal with the Appeals Council. . . . You must file your written appeal within 60 days of the date you get this notice.  The Appeals Council assumes you got this notice 5 days after the date of the notice unless you show you did not get it within the 5-day period." (*Id*. at 39-40)  Plaintiff's counsel asked for clarification.  In an August 22, 2023 letter she wrote:

> Under the Social Security rules, the decision should have state that the claimant had 30 days to file exceptions, however, the decision gave the claimant 60 days to file a request for review/appeal.
>
> The claimant disagrees with the Administrative Law Judge decision.  She would request that the Appeals Council direct the Administrative Law Judge to amend the decision to indicate the correct options in appealing the decision.  She would request 30 days from the date of the amended decision to submit a brief in support of exceptions to the decision, if she chooses to submit exceptions.  She would like the option to possibly decide not to submit exceptions, but instead file a new appeal to Federal Court after the expiration of 61 days from the date of the decision.

> Because of the strict time parameters involved in appealing Social Security decisions, it is requested that a response be expedited.

(*Id*. at 69). Two days later the Appeals Council responded, "grant[ing] your request for more time to send us written exceptions explaining the reasons you disagree with the [ALJ]'s decision dated July 22, 2023. . . . If you have exceptions, you must send them to us within 30 days of the date of this letter." (*Id*. at 70). Instead, on October 5, 2023, Plaintiff appealed to federal court (Doc. 1).

## II.     Discussion

The Commissioner moves the Court to either dismiss Plaintiff's Petition or grant the agency summary judgment (Doc. 16), arguing Plaintiff has not exhausted her administrative remedies under the Social Security Act. Attached to the Commissioner's motion is the Declaration of Rosanna Mapp, the agency's Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations (*see* Doc. 16-1 at 1-3).[1] Ms. Mapp declares: "On August 22, 2023, the plaintiff filed written exceptions (Exhibit 6). On August 24, 2023, the Appeals Council granted an extension of time for the plaintiff to file additional written exceptions (Exhibit 7). The case is still pending with the Appeals Council." (*Id*. at 3).

---

[1] Because Mapp's declaration is a document outside the pleadings, the Court considers the Commissioner's motion (styled in the alternative) as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). "It is within the judge's discretion to decide whether to consider matters outside of the pleadings that are presented to the court." *Jones v. Auto. Ins. Co. of Hartford, Conn.*, 917 F.2d 1528, 1531-32 (11th Cir. 1990).

Plaintiff objects to the Commissioner's characterization of her August 22, 2023 correspondence to the Appeals Council as "written exceptions." (Doc. 17). She emphasizes she "did not file exceptions to the Appeals Council," but rather "request[ed] the matter be sent back to the Office of Hearing Operations to issue a corrected decision." (*Id*. at 2). And when the Appeals Council did not respond, Plaintiff argues, she "did not want to miss a deadline to file an appeal to Federal court[.]" (*Id*.). So, she filed her Complaint in this case after the 60th day following the ALJ's decision (Doc. 1).

Section 405(g) of the Social Security Act provides federal subject matter jurisdiction for courts to review final decisions of the Commissioner of Social Security. *Smith v. Berryhill*, 587 U.S. \_\_, 139 S.Ct. 1765, 1772 (2019); *Heckler v. Ringer*, 466 U.S. 602, 614-15 (1984). The subsection states:

> (g) Any individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow
> . . . .

42 U.S.C. § 405(g) (emphasis added).

The Social Security Act does not define "final decision," but the Supreme Court has explained that § 405(g) "contains two separate elements: first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable . . . requirement that the administrative remedies prescribed by the [Commissioner] be exhausted.'" *Smith*, 139 S.Ct. at 1773 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)). Where a claimant has a claim-ending determination "from [the agency]'s last-in-line decisionmaker after bringing [her] claim past the key procedural post (a hearing)

4

mentioned in § 405(g), there has been a 'final decision . . . made after a hearing' under § 405(g)." *Id.* at 1777.

Here, according to the Commissioner, Plaintiff did not obtain a final decision before appealing to federal court, because her case is still before the Appeals Council. And because she did not obtain a final decision – the Commissioner's argument goes – she did not exhaust her administrative remedies before filing this case (Doc. 16). Although exhaustion is not a jurisdictional requirement (as the Commissioner points out), it "'is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.'" *Crayton v. Callahan*, 120 F.3d 1217, 1222 (11th Cir. 1997) (quoting *Weinberger*, 422 U.S. at 765).

Contrary to the Commissioner's contention, Plaintiff obtained a final decision necessary for judicial review, a conclusion the undersigned reached after a hair-pulling journey through the statutory and regulatory labyrinth of social security law. Stepping back, on a Social Security claimant's initial application for disability benefits, she must complete a four-step administrative review process: (1) the initial determination; (2) a request for reconsideration; (3) a hearing before an ALJ; and (4) Appeals Council review. *See* 20 C.F.R. § 405.1(b); *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1263-64 (11th Cir. 2007). After step four, the final decision for purposes of judicial review under § 405(g) arises in two ways. First, if the Appeals Council denies the claimant's request for further review, the ALJ's decision becomes the Commissioner's final decision. 20 C.F.R. §§

404.981, 422.210(a). Second, if the Appeals Council opts to review the individual's claim, the Appeals Council's decision (rather than the ALJ's) becomes the Commissioner's final one. *Id*. In either instance, the Appeals Council must take *some* action – either denying review or issuing its own decision – before the claimant can say she has exhausted her administrative remedies for purposes of judicial review. *Id*.; *see also Walker-Butler v. Berryhill*, 857 F.3d 1, 2-3 (1st Cir. 2017) (explaining different ways to obtain a final decision under § 405(g)).

But here, what counts as the Commissioner's final decision is different because the ALJ's decision was issued after a federal court remand. The Appeals Council review of an ALJ's decision in cases remanded by a federal court is regulated by 20 C.F.R. § 404.984. This regulation permits a claimant to "file exceptions to the decision [of an ALJ after remand] by submitting a written statement to the Appeals Council setting forth your reasons for disagreeing with the decision of the administrative law judge . . . ." 20 C.F.R. § 404.984(b). Once a claimant files written exceptions with the Appeals Council, the procedures for obtaining a final decision mimic those applicable to a claimant's initial application for benefits: either the Appeals Council will conclude there is no reason to change the ALJ's decision and deny review (meaning the ALJ's decision is the final decision of the Commissioner after remand), *see* 20 C.F.R. § 404.984(b)(2), or the Appeals Council will assume jurisdiction of the case based on the exceptions and issue a "new, independent decision" that functions as the Commissioner's final one. 20 C.F.R. § 404.984(b)(3); *see also Walker-Butler*, 857 F.3d at 2 n.1. Both options require the Appeals Council to act.

6

If the claimant does not challenge the ALJ's post-remand decision by filing written exceptions with the Appeals Council, however, the regulations operate so the Appeals Council need not act before the claimant can appeal to federal court. In that instance, the ALJ's new decision "will become the final decision of the Commissioner after remand on [the individual's] case *unless the Appeals Council assumes jurisdiction of the case*" within 60 days after the ALJ's new decision. 20 C.F.R. § 404.984(a), (c) (emphasis added). In other words, if the individual does not file written exceptions and the Appeals Council does nothing, the ALJ's decision transforms automatically into the final decision of the Commissioner. *See Walker-Butler*, 857 F.3d at 2-3.

The takeaway is that the difference between obtaining a final decision on an initial application for benefits versus obtaining a final decision post-remand influences how to calculate the 60-day deadline for appealing to federal court. *Id*. at 3. In both instances, § 405(g)'s 60-day deadline undoubtedly applies. But even so, the practical application of the statute depends on the procedural backdrop. *Id*.

On an initial benefits application, the default rule is that the individual has 60 days from the Appeals Council's notice to seek judicial review of the agency's decision (unless the Commissioner has granted more time). 20 C.F.R. §§ 404.967, 404.981. And the agency presumes the claimant received the notice five days after the notice. But post-remand, the application of § 405(g) is trickier. Although the ALJ must mail a notice of its new decision on remand to the individual, *see* 20 C.F.R. §§ 404.977(c), 404.984(b)(1), if the Appeals Council decides not to assume jurisdiction, the ALJ's decision automatically turns into the final decision of the Commissioner after 60 days and no new notice is mailed

to the claimant informing her of that transformation. *See* 20 C.F.R. § 404.984(d) (omitting any language suggesting that the Appeals Council must mail to the individual a notice of its decision not to assume jurisdiction). "This makes § 405(g) somewhat awkward to apply to these situations on remand, even though it undoubtedly does apply[.]" *Walker-Butler*, 857 F.3d at 3. For that reason, some courts have found that § 405(g)'s 60-day time limit begins to run from the date the ALJ's decision automatically transforms into the final decision of the Commissioner – a claimant has 60 days from that date to commence a civil action. *Id*. (quoting *Harris v. Colvin*, No. 3:15-cv-05575-RBL, 2015 WL 9302910, at *1 (W.D. Wash. Dec. 18, 2015)).

All this to say that resolving the Commissioner's motion to dismiss or for summary judgment turns on whether Plaintiff filed written exceptions to the ALJ's post-remand decision with the Appeals Council. To the Commissioner, Plaintiff's August 22, 2023 letter served two purposes. First, it operated as written exceptions to the ALJ's decision, triggering Appeals Council consideration that (according to Mapp) is ongoing (Docs. 16 at 3, 16-1 at 3). Second, in the letter Plaintiff asked for an extension of time to file *additional* written exceptions (*Id*.). According to the Commissioner, there is no final decision for § 405(g) purposes until the Appeals Council either denies review or assumes jurisdiction and issues a new decision. As it has not yet done either, Plaintiff has not exhausted her administrative remedies (Doc. 16 at 11).

But subscribing to this reasoning requires the Court to ignore the plain language of the parties' correspondence. As Plaintiff's August 22, 2023 letter to the Appeals Council pointed out, the ALJ included incorrect language in the notice attached to his post-remand

8

decision: instead of informing Plaintiff of her right to file written exceptions with the Appeals Council under 20 C.F.R. § 404.984(b), the notice included boilerplate language sent to all claimants on an initial application, stating she had 60 days to appeal to the Appeals Council (*see* Doc. 16-1 at 39-41). Plaintiff's counsel caught this discrepancy, writing to the Appeals Council on August 22, 2023 that the ALJ's post-remand decision "should have stated that the claimant had 30 days to file exceptions, however, the decision gave the claimant 60 days to file a request for review/appeal." (*Id*. at 69). She requested an amended ALJ decision "to indicate the correct options in appealing the decision." (*Id*.). And she asked for "30 days from the date of the amended decision to submit a brief in support of exceptions to the decision, *if she chooses to submit exceptions*. She would like the option to *possibly decide not to submit exceptions*, but instead file a new appeal to Federal Court after the expiration of 61 days from the date of the decision." (*Id*.) (emphasis added).

The Appeals Council wrote back two days later, implicitly acknowledging Plaintiff did *not* intend her August 22, 2024 letter to serve as written exceptions but instead as a request for more time: "The Appeals Council grants your request for more time to send us written exceptions explaining the reasons you disagree with the [ALJ]'s decision dated July 22, 2023." (*Id*. at 70). Plaintiff, in turn, exercised her right to *not* file written exceptions. *See* 20 C.F.R. § 404.984. So, under the regulatory scheme explained above, the ALJ's July 20, 2023 post-remand decision became the Commissioner's final decision on the 61st day – September 25, 2023 (60 days plus 5 for mailing). This triggered § 405(g)'s 60-day countdown for filing an appeal in federal court. Plaintiff filed her Complaint

9

challenging the agency's final decision on October 5, 2023 (Doc. 1), comfortably within the time to do so. Plaintiff exhausted her administrative remedies and timely appealed to federal court.

### III. Conclusion

The undersigned **RECOMMENDS:**

(1) the Commissioner's Opposed Motion to Dismiss or, in the Alternative, For Summary Judgment (Doc. 16) be DENIED; and

(2) the Commissioner be directed to respond to Plaintiff's Complaint.

**IT IS SO REPORTED** in Tampa, Florida, on April 2, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.