UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRACY A. SONOGA,

    Plaintiff,

v.                                                      Case No. 8:23-cv-02257-KKM-SPF

MARTIN O'MALLEY,[1]
Commissioner of Social Security,

    Defendant.
_____

## ORDER

Tracy A. Sonoga seeks to appeal the unfavorable decision of a Social Security administrative law judge on remand from an earlier successful appeal. *See Sonoga v. Kijakazi* (*Sonoga I*), No. 8:21-cv-549-AEP (M.D. Fla. Dec. 17, 2021) (Doc. 12) (reversing the Commissioner's decision and remanding for further administrative proceedings); *Sonoga v. O'Malley* (*Sonoga II*), No. 8:23-cv-2257 (M.D. Fla. Oct. 5, 2023) (Doc. 1) (appealing the new decision after remand). The Commissioner moves to dismiss, or in the alternative, for summary judgment, arguing that Sonoga failed to exhaust her

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Under Federal Rule of Civil Procedure 25(d), O'Malley should be substituted as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

administrative remedies. *See generally* MSJ, *Sonoga II* (M.D. Fla. Feb. 2, 2024) (Doc. 16).[2]

On April 2, 2024, the Magistrate Judge entered a Report and Recommendation, recommending that the Commissioner's motion be denied. *See generally* R&R. The deadline to object to the Magistrate Judge's Report and Recommendation has passed without either party lodging an objection. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Considering the record, the Court adopts the Report and Recommendation and denies the Commissioner's motion for summary judgment.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

---

[2] Like the Magistrate Judge, I consider the Commissioner's motion as one for summary judgment based on its inclusion of a declaration outside the pleadings. *See* FED. R. CIV. P. 12(d); Mapp Decl., *Sonoga II* (M.D. Fla. Feb. 2, 2024) (Doc. 16-1); R&R, *Sonoga II* (M.D. Fla. April 2, 2024) (Doc. 20) at 3 n.1.

In the absence of any objection and after reviewing the factual allegations and legal conclusions, the Court adopts the Report and Recommendation in full.[3]

Accordingly, it is **ORDERED**:

1. The Commissioner's Motion for Summary Judgment (Doc. 16) is **DENIED**.

2. The Commissioner is directed to respond to Plaintiff's (Doc. 1) Complaint by May 22, 2024.

**ORDERED** in Tampa, Florida, on May 1, 2024.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge

---

[3] The Supreme Court has held that the lone ground the Commissioner advances in his motion, failure to exhaust administrative remedies, is "waivable" and "nonjurisdictional." *See Smith v. Berryhill*, 139 S. Ct. 1765, 1773 (2019) (quotations omitted). Thus, the Commissioner's failure to file a timely objection to the exhaustion analysis in the Magistrate Judge's Report and Recommendation strongly militates against resolving the case on that ground.

3